**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIERRA FOREST PRODUCTS, INC., | No. 08-16721 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00060-JAM-GGH |
| v. | |
| DIRK KEMPTHORNE, Secretary, Department of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES FISH AND WILDLIFE SERVICE; H. DALE HALL, Director, Fish and Wildlife Services, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| CENTER FOR BIOLOGICAL DIVERSITY; NATURAL RESOURCES DEFENSE COUNCIL; SIERRA CLUB; SIERRA NEVADA FOREST PROTECTION CAMPAIGN, | |
| Defendant-intervenors - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

John A. Mendez, District Judge, Presiding

Argued and Submitted December 11, 2009
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and LYNN,[**] District Judge.

Sierra Forest Products ("SFP") appeals the district court's determination on summary judgment that the United States Fish and Wildlife Service (the "Service") did not act arbitrarily or capriciously in concluding that the West Coast range of the fisher was a "distinct population segment" ("DPS") that should be listed as a "candidate" for protection under the Endangered Species Act, 16 U.S.C. §§ 1531 *et seq.* ("ESA").

SFP contends that the fisher is comprised of three subspecies and that the Service erred by failing to specify whether the listing concerned a "DPS of species" or a "DPS of a subspecies." SFP asserts that the Service's failure to specifically address this issue violates the ESA and constitutes a failure to explain its findings in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706.

---

[**] The Honorable Barbara M.G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

There is no statute or regulation requiring the Service to make an explicit finding as to a candidate species' taxonomy. *See* 16 U.S.C. § 1533(a)(1) (setting forth factors for determining whether a "species" is threatened or endangered); 16 U.S.C. § 1532(16) (defining "species" to include "any subspecies of fish or wildlife or plants, and *any distinct population segment of any species* of vertebrate fish or wildlife which interbreeds when mature") (emphasis added). Here, the record shows that the Service, in fact, concluded that the fisher in its West Coast range was a "DPS of a species." The Service's finding that the West coast range of the fisher constituted a DPS of a species is amply supported with evidence and explanation in the existing record, and therefore is not arbitrary, capricious or an abuse of discretion under the APA. *Pacific Coast Fed'n of Fishermen's Ass'ns, Inc. v. Nat'l Marine Fisheries Serv.*, 265 F.3d 1028, 1034 (9th Cir. 2001) (noting that "we must ask whether the agency considered the relevant factors and articulated a rational connection between the facts found and the choice made") (internal quotation marks and citations omitted); *see also Kunaknana v. Clark*, 742 F.2d 1145, 1149 (9th Cir. 1984) (noting that it is not an impermissible post-hoc rationalization to allow an agency to explain its decision).

**AFFIRMED**.